

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:07-CR-9(2)** |
| | § | |
| **PAUL KEITH DICKEY** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Paul Keith Dickey, violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States Probation Office filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* (doc. #72) requesting the revocation of the defendant's supervised release.

The Court conducted a hearing on November 20, 2014, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his

supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.      That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.      That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## **STATEMENT OF REASONS**

### **A. Procedural History**

On January 23, 2008, the Honorable Thad Heartfield of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of Conspiracy to Possess With Intent to Distribute 50 Grams or More of Methamphetamine, a Class B felony.  Judge Clark sentenced the defendant to 60 months  imprisonment to be followed by four years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, obtain a GED, and a $100 special assessment. On February 11, 2011, Paul Keith Dickey completed his period of imprisonment and began service of the supervision term.

### **B. Allegations in Petition**

The United States alleges that the defendant violated the following standard condition of

supervised release:

*The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.*

Specifically, the Probation Office contends that Mr. Dickey never notified the U.S. Probation Office of arrests that occurred in Harris County, Texas, as noted in other allegations in the petition.

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would establish that Mr. Dickey was arrested in Harris County, Texas, for the offense of unauthorized use of a motor vehicle. Evidence would further show that the defendant failed to notify his probation officer of his arrest. Mr. Dickey pled true to the allegations and agreed with the evidence submitted by the Government.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by failing to report his arrests to his probation officer as required.

If the Court finds that Mr. Dickey violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 5 to 11

months.  *See* U.S.S.G. § 7B1.4(a).  Because the offense of conviction in this case was a Class B felony,  the statutory maximum imprisonment term upon revocation is three years.  *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only.  *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)).  Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001).  Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable.  *Id.  See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant failed to notify the Probation Office of his arrest in violation of his supervision conditions.  Mr. Dickey voluntarily pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.  *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing*.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, the undersigned United States Magistrate Judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

– 4 –

undersigned magistrate judge further recommends that the District Court order Defendant to serve a term of **eight (8) months** imprisonment for the revocation, to run concurrently with the sentence recently imposed against him in a separate criminal case, 1:14-CR-12, pending here in the Eastern District of Texas, as agreed by the parties in this case. The Court finally recommends that no further supervision be imposed.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n*., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 20th day of November, 2014.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE